## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO: <u>1:20-CV-02662-WMR</u> |
| v. | ) | |
| | ) | |
| VICTOR HILL, Clayton County | ) | |
| Sheriff, in his individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

---

### [PROPOSED] CONSOLIDATED PRETRIAL ORDER

COME NOW, the Parties herein and jointly submit the following <u>Consolidated Pre-Trial Order</u> in the above-captioned case:

1.

**There are no pending motions or other matters, except as noted.**

The Parties reserve the right to file Motions in Limine prior to trial in accordance with the Federal Rules.

2.

**All discovery has been completed, unless otherwise noted. The Court will not consider any further motions to compel discovery. (Refer to LR 37.1.B, NDGa). Provided there is no resulting delay in readiness for trial, the parties**

**shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

<u>**Plaintiff:**</u> Discovery is completed. Plaintiff reserves the right to take depositions for the preservation of evidence for use at trial pursuant to the Federal Rules.

<u>**Defendant:**</u> Discovery is completed. Defendant reserve

the right to take depositions for the preservation of evidence for use at trial pursuant to the Federal Rules.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non—joinder of any parties.**

There is no issue as to misjoinder or non-joinder of any parties.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the Court. Jurisdiction is based upon the following code section:**

There is no question as to the jurisdiction of the Court.  As Plaintiff brings his claims under 42 U.S.C. § 1983, the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1343.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

<u>**Plaintiff:**</u>     Darryl L. Scott
          Law Office of Darryl L. Scott, LLC
          33 Jonesboro Street
          McDonough, Georgia 30281

<u>**Defendant:**</u>     Michael D. Hoffer
          Cruser, Mitchell, Novitz, Sanchez, Gaston, & Zimet, LLP
          Meridian II, Suite 2000
          275 Scientific Drive
          Peachtree Corners, GA 30092

6.

**Normally, the Plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3B(2) (b), NDGa.)  State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.**

Plaintiff will open and close argument to the jury.

7.

**The captioned case shall be tried (X) to a jury.**

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

**Plaintiff:** Per the Court's Order granting partial judgment on the pleadings, the issue of liability has been established and will not be tried by the jury. [Doc. 100]. Therefore, only damages, including special, compensatory and punitive, will be decided by the jury and there is no need for bifurcation.

**Defendant:** Defendant does not request that the trial be bifurcated.

9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.**

See Attachment "A."

10.

**Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the district judge or counsel will propound general**

**voir dire questions is a matter of courtroom policy which shall be established by each Judge.**

See Attachment "B-1" and "B-2."

## 11.

**State any objections to the parties' respective voir dire questions.**

The parties will jointly submit their objections to the proposed voir dire questions prior to the scheduled pre-trial conference.

## 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).**

The parties do not request additional strikes.

## 13.

**State whether there is any pending related litigation. Described briefly, including style and civil action number:**

    a.   <u>Walter Thomas and Desmond Bailey v. Victor Hill</u>: NDGA Civil Action File No. 1:24-CV-01993-SCJ

b.   <u>Raheem Peterkin v. Victor Hill</u>: NDGA Civil Action File No. 1:24-CV-01945-ELR

c.   <u>Chryshon Hollins v. Victor Hill, et al</u>: NDGA Civil Action File No. 1:23-CV-05890-VMC

Each of the above four Plaintiffs were named as victims in Defendant Hill's criminal prosecution and are now pursuing civil rights claims related to their punitive restraint.

14.

**Attached hereto as Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

See Attachment "C."

15.

**Attached hereto is Attachment "D" is the Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule regulation, or any decision authorizing a recovery for that particular item of damage. Item of damage not identified in this manner shall not be recoverable.**

See Attachment "D."

16.

**Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to**

**do so may result in the imposition of sanctions upon the non-cooperating counsel.**

17.

**The legal issues to be tried are as follows:**

**Plaintiff:**

    (1) Proximate cause;

    (2) Damages; and

    (3) Punitive Damages.

**Defendants:**

    (1)    Whether Plaintiff can prove that any of his alleged damages (both general and special) were proximately caused by the acts of Defendant Hill;

    (2)    Whether any of Plaintiff's alleged damages were proximately caused by someone other than Defendant Hill;

    (3)    The amount and extent of Plaintiff's damages;

    (4)    Whether Plaintiff is entitled to punitive damages.

18.

**Attached hereto as Attachment "F—1" for the Plaintiff and Attachment "F—2" for the Defendants are a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have**

present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

See Attachment "F-1" and "F-2."

19.

Attached hereto as Attachment "G—1" for the Plaintiff and "G—2" for the Defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's exhibit list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple Plaintiffs or Defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objection to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be

**submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

See Attachment "G-1" and "G-2."

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

**<u>Plaintiff:</u>**

Plaintiff may introduce the following testimony by deposition:

(1)    Deposition video and transcript of Defendant's deposition;

(2)    Deposition video and transcript of any witness who is unavailable at the time of trial; and

(3)    Any deposition video or transcript necessary for impeachment or rebuttal.

To the extent that video and transcripts of these depositions contain objections by opposing counsel, Plaintiff intends to delete them.

Plaintiff will file any objections to the deposition testimony identified by Defendants no later than the scheduled trial date.

Plaintiff objects to any designated portion of testimony to be introduced by Defendants unless they can show the deposition testimony is allowed under the Fed. R. Civ. P.

**<u>Defendant:</u>**

Defendant is currently unaware of any witness being unavailable for trial. If a witness becomes unavailable for trial, Defendant requests permission to file deposition designations with the Court within five (5) days of learning of such availability with cross-designations being filed within five (5) days thereafter.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

21.

**Attached hereto as Attachments "H—1" for Plaintiffs and "H— 2" for the Defendant are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The parties request that they be permitted to file trial briefs, if any, with the Court no later than ten (10) days prior to the start of trial, with any responses to such briefs, being filed five (5) days prior to trial.

22.

**In the event this is a case designated for trial to the Court with a jury, requests for charges must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, NDGa, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principal (with minimum verbiage) from each cited authority.**

23.

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.**

Please see Attachment I.

24.

**Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

**<u>Plaintiff's Request:</u>** Plaintiff does not request additional time.

14

**Defendant's Request**:  Defendant does not request additional time.

25.

**If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.**

Not applicable to this case.

26.

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties will meet in person on September 25, 2025, to discuss in good faith, the possibility of settlement of this case. The Court (_____) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:**

  **_____  A good possibility of settlement**

  **___ __  Some possibility of settlement**

  **_____  Little possibility of settlement**

  **_ X ___  No possibility of settlement**

27.

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the Clerk in accordance with the normal practice of the Court.

28.

The Plaintiff estimates that he will require **2** days to present his evidence. Defendant estimates that it will require **1.5** days to present its evidence. It is estimated that the total trial time is **3-3.5** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( **X** ) submitted by stipulation of the parties or (_____) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED this _____ day of _____ 2025.


_____
WILLIAM M. RAY, II, JUDGE
UNITED STATES DISTRICT COURT

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

Respectfully submitted this 8th day of October, 2025.

**LAW OFFICE OF DARRYL L. SCOTT, LLC**

 /s/ Darryl L. Scott_____
Darryl L. Scott
Georgia Bar No. 635479
Attorney for Plaintiff

33 Jonesboro Street
McDonough, Georgia 30253
(770) 474-5646
darryl@dscottlawoffice.com

**CRUSER,      MITCHELL,      NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

 /s/ Michael D. Hoffer_____
Michael D. Hoffer
Georgia Bar No. 359493
Attorney for Defendant

Atlanta Office
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, Georgia 30092
(404) 881-2622
mhoffer@cmlawfirm.com

## ATTACHMENT "A"
## HOWELL v. HILL, PRETRIAL ORDER

**Questions Regarding Jurors Legal Qualifications:**

The parties understand that this Court may propound its own qualifying questions and juror questionnaire. In response to Section 9 of the parties' Proposed Pre-Trial Order, the parties do not propose additional qualifying questions and/or a juror questionnaire beyond what the Court propounds.

## ATTACHMENT "B-1"
## HOWELL v. HILL, PRETRIAL ORDER

**Plaintiff's Proposed Voir Dire Questions:**

1.  My client is a former pretrial detainee at the Clayton County Jail, and is suing Victor Hill, the former Sheriff of Clayton County.  He is alleging that he was ordered strapped into a restraint chair by Defendant Hill, as a form of punishment, and that he suffered injuries as a result.  Does anyone have a problem; is anyone uneasy with the idea that a former pretrial inmate can even do this- come into court and make such accusations against law enforcement?  Does anyone here feel that it is a waste of time to hear this type of case?

2.  There are some people who have such strong feelings about lawsuit abuse that it would affect their ability to be a totally fair and impartial juror in a case like this.  Are there anyone who has such strong feeling about lawsuit abuse?

3.  Is there anyone where who feels that lawsuits against law enforcement officers is overblown?  Please raise your hand if you feel this way.

4.  Have you, a family member or close friend ever worked in law enforcement, corrections, or the legal system (e.g., police officer, sheriff, jail staff, prosecutor, etc.)? If yes, please describe their role and how close you are to them.

5.    Have you or anyone close to you ever had a positive or negative experience with law enforcement? If yes, please explain.

6.    How many of you enjoy an active lifestyle?

    a.  What type of activities or exercise do you engage in?

    b.  Why are those activities important to you?

    c.  How would you feel if they were taken away?

7.    Anyone here who has ever been a victim of a crime or who has a family member who was the victim of a crime?

    a.  Type of crime

    b.  When it occurred?

    c.  Perpetrator identified, prosecuted or accept responsibility?

    d.  How did that make you feel?

8.    Think about the things in life that bring you the most joy.  What is something or someone you couldn't imagine living without; something so valuable you couldn't live without it?

    a.  Why is that so important to you?

    b.  If someone took that away from you and you could never get it back, what would that loss mean to you?

9.    Damages in this case will include some medical expenses but will involve in large part things like "loss of human dignity", "loss of

liberty", "emotional distress" and "mental anguish". And part of your job as a juror will be to assign value to these intangible things. Do you believe that these types of injuries are less real or less serious than physical injuries?

10. Are there any members of the panel who have a personal, moral, or religious opposition to awarding significant money in a civil rights case, even when supported by evidence?

11. We will be asking the jury to return a verdict for millions of dollars, is there anyone who couldn't do that if the evidence supports it? Just hearing that my clients will be asking for millions of dollars, does that offend anyone?

12. You are going to hear that Defendant Hill was prosecuted and convicted for violating my client's civil rights, and that he served approximately 18 months in prison. Does anybody think that because the Defendant has been punished criminally, that he should be relieved of paying monetary damages?

## ATTACHMENT "B-2"
## HOWELL v. HILL, PRETRIAL ORDER

**Defendant's Proposed Voir Dire Questions:**

The general questions which Defendant wishes to be propounded to the jurors on voir dire examination include:

1) Is anyone related by blood or marriage or acquainted, however slightly, with Plaintiff Glenn Howell?

2) Is anyone personally acquainted with, however slightly, or ever been represented by Darryl L. Scott?

3) Is anyone related by blood or marriage or acquainted, however slightly, with Defendant Victor Hill?

4) Is anyone personally acquainted with, however slightly, or ever been represented by any member of the law firm of Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Michael Hoffer, or Eddie Greenblat?

5) Does anyone know, however slightly, or does anyone recognize any of the attorneys or parties present in Court, or any other members of the jury panel? If so, please explain the basis of this recognition.

6) Mr. Howell has filed this lawsuit alleging that former Clayton County Sheriff Victor Hill violated his civil rights by authorizing that he be placed in a restraint chair during his incarceration at the Clayton County Jail, and that being placed in the restraint chair has caused him damages. Do any of you believe that Mr. Howell should be awarded damages merely because he have alleged that he was damaged by being placed in a restraint chair?

7) Has anyone ever contributed money either to support Defendant Victor Hill as a candidate for any public office, or to support anyone running against Victor Hill for public office?

8) Has anyone ever read or heard about any news stories involving Defendant Victor Hill?

9) Do you know any of the following individuals who may appear as witnesses

in the trial of this matter:

    a.  [list witnesses on witness list that will appear]

10)    Have you or any of your family members ever been arrested by a law enforcement officer?

11)    Have you or any of your family members ever been incarcerated in a jail or prison?

12)    Have you or any of your family members ever been incarcerated at Clayton County Detention Center?

13)    Have you or any of your family members ever worked as a law enforcement officer or correctional officer?

14)    Have you or a family member ever been placed in a restraint chair?

15)    Does anyone here believe that jails and prisons should not exist?

16)    Does anyone here believe that it is inherently wrong to place a person in a jail or prison?

17)    Does anyone here just have a dislike or distrust of law enforcement that would keep you from being fair and impartial in this case?

18)    Are you, or any members of your family, or any close friends engaged in the practice of law or ever studied law?

19)    Does anyone have training or experience in medicine, or have family with training or experience in medicine?

20)    Have you or any of the members of your family or friends ever been involved in a lawsuit, either as a Plaintiff or Defendant? If so, please explain the type of suit and its resolution.

21)    Has anyone here or a family member ever brought a claim or lawsuit against a law enforcement officer?

22)    Have any of you or members of your immediate family ever received

money as a result of a claim for personal injuries? If so, please explain the nature of the event and ultimate outcome of the claim.

23) Have you or any of the members of your family ever served on a jury before? If so, please explain the type of suit and its resolution. Were you satisfied with the outcome?

24) You may hear conflicting testimony and it will be your duty to determine who is telling the truth. Do any of you have any problem with judging people when it comes to credibility?

25) You will hear in this case that the Plaintiff has the Burden of Proof to prove the elements of his case. Does anyone here think that it is unfair for the Plaintiff to have the burden of proving their case?

26) How many of you think that if a lawsuit makes it all the way to trial, the Plaintiff must have a really strong case?

27) Does anyone feel that if there is an injury involved that the person bringing the case ought to get the benefit of the doubt? Meaning, I think that the Defendant has to disprove the case rather than the Plaintiff prove it?

28) You may hear medical testimony from nurses in this case. Does anyone here feel they are required to accept the testimony of a medical professional simply because he or she is a medical professional?

29) Is there anyone here who would be reluctant to apply their own common sense to determine what weight or credit to give to the testimony from a medical professional?

30) Who here believes that there should be a cap or a maximum amount allowed for pain and suffering.

31) Who believes that pain and suffering awards should be unlimited?

32) The Plaintiff is claiming that he is entitled to an award of punitive damages from Mr. Hill, or damages to punish and deter Mr. Hill. Do any of you believe that it is ever justified to award punitive damages above and beyond the actual damages claimed by the Plaintiff?

33)     Do you have any preconceived biases for or against awarding punitive damages?

34)     Is there anyone here that cannot follow the law as the judge instructs you, even if you disagree with the law?

Is anyone thinking that, from what they have heard so far, they are leaning toward or favoring the Plaintiff or Defendant?

**ATTACHMENT "C"**
**HOWELL v. HILL, PRETRIAL ORDER**

**Plaintiff's Outline of the Case:**

Plaintiff contends:

In April 2020, Howell and Clayton County Deputy, Lieutenant Guthrie, had a payment dispute over landscaping work that Howell performed at Guthrie's residence located in Butts County, Georgia. A few days later on the night of April 23, 2020, Hill called Howell on his cell phone to ask why he was "harassing" Guthrie and threatened Howell with arrest. During the call, Howell expressed disbelief that the caller was in fact Hill and used profanities towards Hill. Because Howell didn't believe the caller was Hill but thought somebody was impersonating Hill, Howell called Hill back via FaceTime. On that call, Howell said, "Now you work for me," to which Hill replied, "I'm coming to get you." Hill then texted Howell and warned Howell not to contact him anymore or Howell would be arrested for harassing communications. Howell responded, "So this is Victor Hill correct," but did not otherwise contact Hill again.

The following morning, Hill instructed a deputy to prepare an arrest warrant for misdemeanor harassing communications. Later that day on April 24, 2020, Hill texted Howell, "[T]his is Sheriff Victor Hill. We have a warrant for your arrest. Would you like to turn yourself in, or have my Deputies come find you?" When Howell failed to respond, Hill texted "y Deputies are actively looking for you. We

have not and will not agree for you to turn yourself in when you want to. Turn yourself in today." Meanwhile, Hill had sent his heavily armed fugitive squad to Butts County in an attempt to arrest Howell on the misdemeanor arrest warrant.

Two days later, after retaining counsel, Howell turned himself in at the Clayton County Jail. Howell was unarmed, not under the influence of drugs, and offered no resistance. Howell interacted amicably with jail personnel, waited patiently, and was cooperative and compliant for over forty-five minutes before Hill arrived with Lt. Guthrie and confronted him. Nonetheless upon Hill's arrival, Howell was immediately surrounded by law enforcement personnel who forcefully placed him in a restraint chair at Hill's direction where he remained for approximately six hours. Among other injuries, Howell suffered injuries to his wrists and cervical spine as a result of his punitive restraint.

In addition to ordering Howell to a restraint chair, Hill ordered Howell be placed on suicide watch, despite Howell never being suicidal. After Howell was released from suicide watch and placed in general population, Hill visited Howell again to ensure that there would not be any problems if Howell was released. Howell bonded out the following day and remained compliant and non-threatening at all times during his incarceration at the Clayton County Jail. Howell suffered injuries and sought medical treatment following his release. Howell now seeks damages for

the violation of his 14th Amendment right as a pretrial detainee to be free from any punishment as follows:

I.   Compensatory Damages under 42 U.S.C. § 1983:

a) Medical Expenses- $ 231,167.33 for treatment received at AICA Orthopedics, Riverside Imaging, Venture Medical, Keystone Counseling and Regenerative Orthopedics.

b) Lost Income- $ 154,664.08  in lost income from resulting from lost contracts and the inability of Plaintiff to operate his business, Spectrum Maintenance Group, LLC, which lead to closure of the business.

c) Physical Pain and Suffering- Enlightened conscious of the jury.

d) Mental Suffering and Anguish, Psychological and Emotional Distress, Grief, Anxiety, Humiliation, Inconvenience, Loss of Enjoyment of Life, Loss of Liberty and Human Dignity- Enlightened conscious of the jury.

II.  Punitive Damages under 42 U.S.C. § 1983 (see Smith v. Wade, 46 U.S 30 (1983) (holding punitive damages allowed where defendant acts with malice or with reckless or callous indifference to the federal protected rights): Jury's discretion.

## ATTACHMENT "D"
## HOWELL v. HILL, PRETRIAL ORDER

**Defendant's Outline of the Case:**

Plaintiff alleges that Defendant violated his rights under 42 U.S.C. § 1983 and the Fourteenth Amendment by placing him in a restraint chair "without any rational justification related to a legitimate non-punitive governmental purpose. (Doc. 17, ¶ 32). Plaintiff alleges that Defendant's actions constituted excessive force, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In granting Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 98), this Court ruled that Defendant is estopped from disputing liability in this action, in light of Defendant's prior criminal conviction under 18 U.S.C. § 242. (Doc. 100). Accordingly the only issues to be resolved at trial are the extent of Plaintiff's damages, whether Plaintiff's alleged damages were proximately caused by Defendant's actions, and whether Plaintiff is entitled to punitive damages.

As to the facts of this case, Defendant received a call from one his employees, Lt. Guthrie, regarding an altercation between the deputy and Plaintiff that involved an outside law enforcement agency. Lt. Guthrie notified Defendant of his interaction with law enforcement based on a Clayton County Sheriff's Office policy. Lt. Guthrie told Defendant that Plaintiff had run a young woman off the road and destroyed Lt. Guthrie's yard. Based on the information Defendant had, he believed that Plaintiff presented a threat to Lt. Guthrie and Lt. Guthrie's family. Defendant tried to

intervene on Lt. Guthrie's behalf by calling Plaintiff. The conversation between Plaintiff and Defendant was initially civil but Plaintiff became hostile and Defendant terminated the phone call. Plaintiff then called Defendant via Facetime and continued to act in a hostile manner.

Based on the interaction Defendant had with Plaintiff, a warrant for harassing communication was taken out against Plaintiff. Defendant informed Plaintiff of the warrant and instructed Plaintiff to turn himself in at the Clayton County Jail. Eventually, Plaintiff surrendered himself at the jail. Defendant met Plaintiff at the jail and told him that he needed to stop harassing Lt. Guthrie. Plaintiff started to argue with Defendant. For safety purposes only, this Defendant believed that Plaintiff needed to be restrained. Specifically, this Defendant placed Plaintiff in a restraint chair because of his continued threats toward law enforcement officers, his destructive behavior at Lt. Guthrie's home, and him running Lt. Guthrie's girlfriend off the road. Defendant believed that his deputies would comply with the sheriff office's policies and procedures, including proper application of the restraints and medical evaluation.

Defendant challenges the extent of Plaintiff's injuries and need for medical treatment on proximate cause, as well as the amount of monetary damages Plaintiff has claimed, and denies that Plaintiff is entitled to punitive damages.

**ATTACHMENT "E"**
**HOWELL v. HILL, PRETRIAL ORDER**

**Facts Stipulated to by the Parties:**

1. At all times relevant to this case, Plaintiff was a pretrial detainee housed at the Clayton County Jail in Clayton County, Georgia.

2. Defendant was acting in an official capacity at the Clayton County Jail and was acting under color of state law during all relevant times.

3. Plaintiff was subjected to the use of a restraint chair by order of the Defendant while housed at the Clayton County Jail.

## ATTACHMENT "F-1"
## HOWELL v. HILL, PRETRIAL ORDER

**Plaintiff's Witness List:**

I.   Plaintiff <u>will</u> have present at trial:  Glenn Howell

II.  Plaintiff <u>may</u> have present at trial:

    1.  Defendant Victor Hill

    2.  Josh Guthrie
      752 Hillcrest Drive
      Jackson, Georgia 30233

    3.  Gary Long- Butts County Sheriff
      Butts County Sheriff's Office
      835 Ernest Biles Drive
      Jackson, Georgia 30233

    4.  Scott Alan Bing
      1206 White Oak Way
      Griffin Ga 30224

    5.  Glenn Howell Sr.
      407 S Mulberry St,
      Jackson, GA 30233

    6.  Judy Weaver Yielding
      8224-16 W,
      Monticello, GA 31064

    7.  Sid Howell
      177 Strickland Pasture Road
      Jackson, Georgia 30233

    8.  Jamie Brock
      130 Woody Rd.
      Jackson, GA 30233

9.   Joanna Hobgood
     Monroe County- Towaliga Circuit Public Defender's Office
     135 L. Cary Bittick Drive
     Forsyth, GA 31029

10.   Stephen Kissinger, M.D.

11.   Philip Ploska, M.D.

12.   Lisa Sims, DNP, FNP-C

13.   Nurse Rebecca Estrill

14.   Elston Covington

15.   Rashawn Johnson

16.   Levon Allen

**ATTACHMENT "F-2"**
**HOWELL v. HILL, PRETRIAL ORDER**

**Defendant's Witness List:**

I.    Defendant WILL have present at trial:

    1. Victor Hill.

II.    Defendant MAY have present at trial:

    1. Glenn Howell;

    2. Anthony Weeks;

    3. Kevin Isaac;

    4. Rebecca Estrill;

    5. Andrea Green;

    6. Christopher Clemons;

    7. B. Harrison;

    8. Lewis Lyons;

    9. D.G. Ward;

    10. Karon Clayborn;

    11. K. Wingate;

    12. Ronald Boehrer;

    13. Levon Allen;

    14. District Attorney Tasha Mosley

    15. Dennis Baker

16. Jonathan Newton

17. Cleveland Jackson

18. Robert Hawes

19. Gerrian Hawes

20. Katrina Holloway

21. Marquita Bradford

22. Tony Griffin

23. R. Tolbert

24. Brandon Criss

25. Jeffrey E. Turner

26. Jason Martin

27. Antonio Ford

28. Keenan Byrd

29. Dawn Dukes

30. Deanna Nycole Howell

31. Holly Ferguson

# ATTACHMENT "G-1"
# HOWELL v. HILL, PRETRIAL ORDER

**Plaintiff's Exhibit List:**

| Howell v. Hill, Civil Action 1:20-CV-02662-WMR | | |
|---|---|---|
| Plaintiff's Exhibit List | | |
| **Exhibit #** | **Description** | **Bates Number** |
| P1 | Clayton County Sheriff's Office S.O.P. 4.15 - Inmate Restraint Chair | |
| P2 | Victor.Hill83 TikTok- Travel Posts | |
| P3 | Victor.Hill83 TikTok- "Vigilante Sheriff" Posts | |
| P4 | Victor.Hill83 TikTok- Merchandise For Sale Posts | |
| P5 | Victor.Hill83 TikTok- Batman Theme Posts | |
| P6 | Victor.Hill83 TikTok- Paramilitary Jail Related Posts | |
| P7 | Victor.Hill83 TikTok- Restraint Chair Related Posts | |
| P8 | Vigilante Sheriff Excerpt- Winston Churchhill quote | |
| P9 | Vigilante Sheriff Excerpt- Introduction, p. xiii | |
| P12 | Vigilant Sheriff Excerpt- p. 126 | |
| P13 | Vigilant Sheriff Excerpt- p. 131-132 | |
| P14 | Vigilant Sheriff Excerpt- p. 139 | |
| P15 | Vigilant Sheriff Excerpt- p. 159 | |
| P16 | Vigilant Sheriff Excerpt- p. 201-202 | |
| P17 | City of Jackson- 4/18/2020 Incident Report | |
| P18 | Sprint Phone Call Report from April 23, 2020 | |
| P19 | Booking Reports | |
| P20 | Order for Bond | |
| P21 | Arrest Warrant | |
| P22 | Intake Screening Form | |
| P23 | Restraint Flowsheet | |
| P24 | Mental Health Assessment | |
| P25 | Use of Force Report | |
| P26 | Miscellaneous Incident Report | |
| P27 | Special Meal Management Sheet | |
| P28 | Restraint Chair Observation Form | |
| P29 | Photos in Restraint Chair | |
| P30 | Photos of Wrists after release from Jail | |
| P31 | AICA Medical Records | |

| P32 | Venture Medical Associates, LLC Medical Records | |
| P33 | Riverside Imaging Specialists Medical Records | |
| P34 | Georgia Neurological Institute Medical Records | |
| P35 | Regenerative Orthopedics Medical Records | |
| P35 | Billing Statements | |
| P36 | Spectrum Maintenance Group, LLC Profit and Loss Statements | |

**ATTACHMENT "G-2"**
**HOWELL v. HILL, PRETRIAL ORDER**

**Defendant's Exhibit List:**

| | |
|---|---|
| **D1** | **Plaintiff's Objections and Responses to Defendant's First Continuing Interrogatories and First Request for Production of Documents** |
| **D2** | **City of Jackson Police Department Incident Report, 20J02061** |
| **D3** | **Cobb County Police Department Incident Report, 21-023381** |
| **D4** | **Plaintiff's First Supplemental Responses to Defendant's First Interrogatories and First Requests for Production of Documents** |
| **D5** | **Spectrum Maintenance Group, L.L.C.'s Profit and Loss Statements (2018, 2019, 2020, and 2021)** |
| **D6** | **State of Georgia Certificate of Administrative Dissolution/Revocation of Spectrum Maintenance Group, LLC** |
| **D7** | **Text Message Correspondence between Guthrie and Howell** |
| **D8** | **Restraint flowsheet for Plaintiff Glenn Howell** |
| **D9** | **Clayton County Sheriff's Office – Use of Force Report** |
| **D10** | **Clayton County Sheriff's Office – Jail Miscellaneous Incident Report** |
| **D11** | **Clayton County Sheriff's Office – Medical Restraint/Observation Form** |
| **D12** | **Photographs of Plaintiff in Restraint Chair** |
| **D13** | **Photographs of Plaintiff's hands and wrists** |

| | |
|---|---|
| **D14** | **Selected Facebook posts made by Plaintiff** |
| **D15** | **Text message correspondence between Howell and Hill** |
| **D16** | **Text message correspondence between Butts County Sheriff Gary Long and Hill** |
| **D17** | **FBI 302 from May 12, 2020 Interview with Howell** |
| **D18** | **FBI 302 from July 28, 2020 Interview with Levon Allen** |
| **D19** | **T-Mobile Telephone Records** |
| **D20** | **Screenshots of CCTV footage depicting Howell in Restraint Chari** |
| **D21** | **Clayton County Sheriff's Office Incident Report Regarding Howell's Harassing Communication Charge, Incident No. 2020 IR 00887** |
| **D22** | **State of Georgia v. Glenn Howell, Warrant No. 2020CW51929** |
| **D23** | **Filings in Deanna Nycole Howell et al. v. Glenn B. Howell, Case No. 16-2014-DR-000379-DVXX-MA** |
| **D24** | **St. Johns County Sheriff's Office Warrant Affidavit – Report No. SJSO55ARR008987** |

**ATTACHMENT "I"**
**HOWELL v. HILL, PRETRIAL ORDER**

**Plaintiff's Proposed Verdict Form:**

**VERDICT FORM**

**Do you find from a preponderance of the evidence:**

1.     That Glenn Howell should be awarded damages to compensate for medical expenses, physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, loss of liberty, loss of enjoyment of life, and other non-monetary losses?

Answer Yes or No                    _____

If your Answer is "Yes,"
in what amount?                 $_____

If you did not award damages in response to Question No. 1, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it.  If you awarded damages in response to Question No. 1, go to the next question.

**Verdict Form**

**Do you find from a preponderance of the evidence:**

2.     That Victor Hill acted with malice or with reckless disregard to Glenn Howell's federally protected rights such that punitive damages should be assessed against him?

41

Answer Yes or No.              _____

If your Answer is "Yes,
in what amount?              $_____


SO SAY WE ALL.


_____
Foreperson's Signature

DATE:_____

## DEFENDANT VICTOR HILL'S
## PROPOSED VERDICT FORM – ATTACHMENT I

We, the Jury, return the following verdict:

## SECTION I

1) Was the conduct on the part of Defendant Victor Hill the proximate cause of loss, injury, or damage to Plaintiff Glenn Howell?

Yes     _____

No      _____

**If you answer to Question 1 is "Yes", proceed to Question 2. If your answer to Question 1 is "No", your verdict is for Defendant Victor Hill with respect to Plaintiff Glenn Howell, and you should proceed directly to Question 4.**

2) What is the total amount of Plaintiff Glenn Howell's damages for:

    a.  Reasonable medical expenses incurred in the past?          $_____

    b.  Reasonable medical expenses to be incurred in the future? $_____

    c.  General damages (pain and suffering, other non-monetary losses)?
                                                               $_____

3) State the percentage of any negligence or fault, which was a legal cause of injury to Plaintiff Glenn Howell that you charge to:

    a.  Defendant Victor Hill                              _____%
    b.  Other Individuals Not Named in This Action          _____%

(These percentages must add up to 100%)

## SECTION III – PUNITIVE DAMAGES

4) Do you find by preponderance of the evidence that Defendant Victor Hill personally acted with malice or reckless indifference to Plaintiff Glenn Howell's federally-protected rights?

43

Yes  _____

No  _____

**If your answer to Question 4 is "No", you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to Question 4 is "Yes", proceed to Question 5.**

5) What is the total amount of punitive damages that should be assessed against Defendant Victor Hill, considering the resources available to Defendant, the criminal sanctions imposed against Defendant based upon the same wrongful acts, the amount of actual damages awarded, the nature and egregiousness of Defendant's conduct, the possibility of its recurrence, and any other pertinent circumstances?

$_____

When you have completed deliberations and this verdict form, please have the Foreperson date and sign this verdict form.  When the verdict form is complete, please knock on the jury room door and advise the deputy that you have reached a verdict.

SO SAY WE ALL this _____ day of _____, 2025.

_____
FOREPERSON